IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALHIX OYOQUE, ENRIQUE CHAVEZ, and EMMA SHEIKH, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:20-cv-03431 |
| Plaintiffs, | ) ) ) | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT** |
| v. | ) ) ) | |
| DEPAUL UNIVERSITY, | ) ) | |
| Defendant. | ) ) | |

Pursuant to the Court's Order of March 13, 2021 (ECF No. 32), Plaintiffs submit the following supplemental memorandum highlighting the material differences between Plaintiffs' Proposed Second Amended Complaint (the "SAC") (ECF No. 31) and Plaintiffs' First Amended complaint ("FAC") (ECF No. 10). Plaintiffs also submit a redline comparison of the SAC and the FAC as Exhibit 1 hereto.

The SAC includes additional factual allegations that identify contractual promises that Defendant DePaul University ("DePaul" or "Defendant") failed to honor.[1] Specifically, DePaul promised each of the Plaintiffs that Plaintiffs' Spring 2020 Term classes and courses of study would be conducted in-person, and/or at specified locations. *See* SAC ¶¶ 9-43. To that end, the SAC identifies the specific courses in which each Plaintiff enrolled for the Spring 2020 Term and identifies the promises Defendant made—in Defendant's University Catalog for the

---

[1] In its February 21, 2020 decision granting Defendant's motion to dismiss the FAC ("Order Granting Defendant's Motion to Dismiss"), the Court explained that to state a viable breach of contract claim "[plaintiffs] must point to an identifiable contractual promise that the [educational institution] failed to honor." ECF No. 30 at p. 6 (*quoting Ross v. Creighton Univ.*, 957 F.2d 410, 416–17 (7th Cir. 1992)).

1

Winter/Spring/Summer 2019-20 (the "University Catalog"), handbooks, and other materials—that such courses would be conducted in-person, and includes allegations that Defendant failed to provide Plaintiffs with the in-person instruction that had been promised. *Id.*

Specifically, for example, the SAC alleges that, during the Spring 2020 Term, Plaintiff Enrique Chavez registered and paid for PSY 574, the final segment of a required year-long, three-quarter course for students completing practicum experience at a specified location—the DePaul Family and Community Center which was located on DePaul's campus. *See* SAC ¶¶ 23-24. The SAC alleges that the course provided to Mr. Chavez during the Spring 2020 Term did not consist of the promised in-person fieldwork at the promised location. *Id.* ¶ 24. Additionally, the SAC alleges with particularity that Defendant specifically promised Psychology students, like Mr. Chavez, that they would receive instruction in classrooms, through on-site internships, and experiential learning in laboratories and in the field and not online. *Id.* ¶¶ 20-26. And, the SAC alleges that Mr. Chavez was promised that other classes would take place at specified specialized classroom locations. *See id.*

The SAC further alleges that Plaintiff Emma Sheikh, who registered and paid for courses in Defendant's Elementary Education Master's program during the Spring 2020 Term, was also promised in-person, hands-on classes and field experiences that Defendant failed to provide. *See id.* ¶¶ 30-36. For example, the SAC explains that, during the Spring 2020 Term, Ms. Sheikh enrolled in TL 583 Field Experience Lab, which, according to the University Catalog, was a "field-based course" that would involve "supervised field experience" and "an opportunity to apply content and pedagogical knowledge in authentic settings . . . at school sites" *Id.* ¶¶ 32-33. Ms. Sheikh was denied another class that Defendant represented she would take in-person at elementary school sites. *Id.* ¶¶ 34-35.

Finally, the SAC describes the promises Defendant made to Plaintiff Alhix Oyoque, a Health Sciences student whom Defendant promised would receive instruction "in the classroom and the laboratory" and have access to "instrumentation and modern laboratory facilities." *See id.* ¶¶ 9-10. The SAC offers additional support beyond what was alleged in the FAC for Plaintiffs' allegation that Defendant promised that BIO 250 Cell Biology, a laboratory course in which Plaintiff Oyoque registered for the Spring 2020 Term, would be conducted in-person, in Defendant's campus laboratory facilities.[2] *See id.* ¶ 14.

The SAC also includes a revised sample of course descriptions from the University Catalog, that show that Defendant promised that numerous courses beyond the in-person courses in which the three named Plaintiffs enrolled would be held in-person and/or on-campus and would provide students with in-person instruction, experiences, and access to campus and other in-person facilities (e.g., students enrolled in Programming in Python for GIS were promised the class was "largely conducted through hands-on activities in a GIS laboratory;" students in Urban Forests as Social-Ecological Systems were promised that they would use the "DePaul University campus" as a "field laboratory to view an actively managed urban forest") *Id.* ¶ 71. The SAC further alleges that Defendant promised throughout its University Catalog and other materials that courses would be held "primarily on the Lincoln Park Campus" *See, e.g.*, *id.* ¶ 31 (describing Defendant's representations about DePaul's Elementary Education Master's program); ¶ 46 (describing

---

[2] In the Order Granting Defendant's Motion to Dismiss, the Court concluded that the designation of Defendant's BIO 250 course as a "Lecture-laboratory" did not include a promise that the course would be conducted in a laboratory. ECF No. 30 at 7. In support of Plaintiffs' position that such a promise was made, whether expressly or impliedly, the SAC cites a former syllabus for BIO 250 that is available online, in which Defendant specifies that students must "com[e] in for the lab" component of the course. SAC ¶ 14. Additionally, Plaintiffs respectfully ask the Court to consider the Webster's dictionary definition of the term "laboratory" as a "place equipped for experimental study in a science or for testing and analysis" or an "academic period set aside for laboratory work," which supports reading laboratory classes as promising in-person instruction.

Defendant's representations about the 28 undergraduate and 30 graduate degree programs offered in its flagship College of Liberal Arts).

In addition to adding allegations about the specific courses in which Plaintiffs and members of the proposed Class enrolled, the SAC contains additional allegations concerning the promises Defendants made to all proposed Class members that tuition-paying DePaul students enrolled in in-person courses during the Spring 2020 Term would have access to a myriad of campus facilities, resources, and other benefits. The SAC alleges that the University Catalog represented that use of a "DePaul ID card" during the Spring 2020 Term would provide tuition-paying students with "access to various DePaul buildings, computer labs, printers, and libraries." *Id.* ¶ 49. Specifically, the SAC alleges that Defendant repeatedly promised throughout the University Catalog and other publications that, during the Spring 2020 Term, Plaintiffs and proposed Class members would have access to a wide range of in-person "state-of-the-art" facilities, including teaching laboratories, maker spaces, instrumentation rooms, art studios, three campus libraries, community gardens, ministries and campus "Sacred Spaces." *Id.* ¶¶ 50-60, 67. The SAC identifies in-person, on-campus, co-curricular programs and services, including: a Learning Commons that provided in-person, drop-in tutoring; foreign language assistance; technology support; an in-person Writing Center that offered in-person services such as "face-to-face" writing feedback provided on Defendant's physical campuses; business centers; and "a wide variety of fitness and recreation opportunities including a diverse offering of facility spaces, equipment, programs and services." *Id.* ¶¶ 53-60.

The SAC also discusses the differences between the in-person courses and programs that were chosen by Plaintiffs and the Class and online offerings which Defendant made available primarily to "adult learners," which were not available to most undergraduate students at DePaul,

4

who were required to take in-person experiential internships and in-person seminars classes that were not available online prior to the March 2020 campus closure. *Id.* ¶¶ 72-79. The SAC alleges that, through various publications, including the University Catalog, Defendant promised students that the majority of DePaul's course offerings for the Spring 2020 Term would be held in-person, on its physical campuses at specified classroom locations, while Defendant offered only a relatively small number of courses that would instead be held online. *See id.* By specifically registering and paying for courses that fell into the former category, Plaintiffs and proposed Class members contracted for in-person instruction for the Spring 2020 Term, which, as the SAC alleges, Defendant failed to provide. *See id.*

The SAC also eliminated the conversion cause of action that had been included in the FAC. Plaintiffs also removed references in the SAC's unjust enrichment cause of action, to the breach of contract cause of action. The SAC also eliminated allegations that the courses provided to students were subpar or otherwise inferior to the in-person classes promised. Instead, the SAC emphasizes that the online courses provided to Plaintiffs on short-notice during Spring 2020 were materially different than the in-person courses which Plaintiffs and the proposed Class chose and reasonably expected to receive, and for which they paid.

For the reasons stated herein, Plaintiff respectfully requests that the Court grant their motion for leave to file the Second Amended Complaint.

Dated: March 18, 2020                    Respectfully submitted,

                                            **BERGER MONTAGUE PC**

                                            By:   */s/ Richard D. Schwartz*
                                                        Richard D. Schwartz

                                            Richard D. Schwartz
                                            Shanon J. Carson
                                            Ellen T. Noteware

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
rschwartz@bm.net
scarson@bm.net
enoteware@bm.net

**BERGER MONTAGUE PC**
E. Michelle Drake
Joseph Hashmall
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net
jhashmall@bm.net

**BURSOR & FISHER, P.A.**
L. Timothy Fisher
Neal J. Deckant
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
ltfisher@bursor.com
ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (*pro hac vice* app. forthcoming)
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
swestcot@bursor.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom
111 W. Jackson St., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
malmstrom@whafh.com

*Attorneys for Plaintiffs and the Proposed Class*