# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALHIX OYOQUE, ENRIQUE CHAVEZ, and EMMA SHEIKH, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 20 C 3431<br>) |
| DEPAUL UNIVERSITY, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On February 21, 2021, the Court dismissed the plaintiffs' amended complaint for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *See Oyoque v. DePaul Univ.*, ___ F. Supp 3d. ___, 2021 WL 679231, at *1 (N.D. Ill. 2021). The plaintiffs were given leave to amend again and now have moved to file a second amended complaint. For the reasons stated below, the Court denies that motion and directs the Clerk to enter judgment in favor of the defendant.

### Discussion[1]

"[C]ourts in their sound discretion may deny a proposed amendment if . . . the proposed [re]pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). An amendment is futile "only if it appears to a certainty that [the] plaintiff cannot state a

---

[1] The factual background was summarized in the Court's prior opinion, and the Court assumes familiarity with those facts. *See Oyoque*, 2021 WL 679231, at *1–2.

claim." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *see also Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994) ("[F]utile repleadings include restating the same facts using different language, reasserting claims previously determined, failing to state a valid theory of liability, and the inability to survive a motion to dismiss." (citations omitted)).

A complaint must "state a claim for relief that is plausible on its face." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019) (internal quotation marks omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A. **Breach of contract (Count 1)**

In Illinois, a plaintiff claiming breach of contract must allege: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (internal quotation marks omitted). To state a claim for breach of contract in this context, the plaintiffs "must do more than simply allege that the education was not good enough." *Ross v. Creighton Univ.*, 957 F.2d 410, 416–17 (7th Cir. 1992). Instead, they "must point to an identifiable contractual promise that the [educational institution] failed to honor." *Id.* at 417; *see also Charleston v. Bd. of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 773 (7th Cir. 2013) ("[T]he

2

student's complaint must be specific about the source of [the] . . . contract, the exact promises the university made to the student, and the promises the student made in return.").

The plaintiffs' first amended complaint failed because "none of the facts alleged by the plaintiffs amount[ed] to a concrete contractual promise to provide in-person educational services, experiences, or opportunities." *Oyoque*, 2021 WL 679231, at *5. In its prior opinion, the Court explained to the plaintiffs what they would have to do to avoid this pitfall in any further amended complaint. Unfortunately, the plaintiffs have not hit the mark. The result is that their proposed second amended complaint is hobbled by the same defects as their first amended complaint.

For example, the Court previously conveyed that, as a matter of law, promotional materials cannot be included among the terms of the contract between universities and their students. *See id.* at *5 (citing *Galligan v. Adtalem Glob. Educ. Inc.*, No. 17 C 6310, 2019 WL 423356, at *6 (N.D. Ill. Feb. 4, 2019)). Even with that reminder, throughout the proposed amended complaint the plaintiffs repeatedly cite to promotional portions of DePaul's website to attempt to show that DePaul made a concrete promise to provide an in-person education. *See, e.g.,* 2d Am. Compl. ¶¶ 9–12, 21–22, 31, 47–48, 50–51, 54, 59–61, 65–67; Exs. 1–4, 6, 8–10, 13–31. These citations, therefore, are as unavailing as the plaintiffs' earlier citations to DePaul's marketing materials. *See Oyoque*, 2021 WL 679231, at *5; *see also Miller v. Lewis Univ.*, No. 20 C 5473, 2021 WL 1379488, at *3 (N.D. Ill. Apr. 11, 2021) (Kennelly, J). Moreover, even if these promotional materials could be considered, the statements in them are not "concrete promises that could comprise part of a contract between student and university." *See*

3

*Galligan*, 2019 WL 423356, at *6. Instead, the statements are unenforceable expectations. *See Oyoque*, 2021 WL 679231, at *5.

Similarly, the Court explained that although a university's "catalogues, bulletins, circulars, and regulations . . . made available to the matriculant may become a part of the contract," only those documents' "specific promises become part of the contract, not [their] expressions of intention, hope or desire." *See id.* at *3–4 (alterations accepted) (internal quotation marks omitted). Yet many of the plaintiffs' new citations to language in "the University Catalog and other publications" share the same problem as their citations in the prior amended complaint. *See* 2d Am. Compl. ¶ 46. Even if viewed in the light most favorable to the plaintiffs, the newly cited language is either aspirational, intended simply to inform students of resources and amenities available to them, or a combination of both. *See Oyoque*, 2021 WL 679231, at *4; *see, e.g.*, 2d Am. Compl. ¶¶ 20, 31, 44–46, 49–58. Neither of these types of statements amounts to evidence of a contractually enforceable promise to provide an in-person education.

The proposed complaint's other allegations don't fare any better. Regarding plaintiff Alhix Oyoque,[2] the proposed amended complaint alleges that she was promised that her three Spring 2020 classes would be held in person, on DePaul's campus. *See id.* ¶¶ 13–15. This promise was purportedly made in DePaul's academic catalog. *See id.* This too is variation on a previous allegation that the Court found insufficient, and it likewise has not been improved upon. The cited language from the catalog does not contain any promise that the classes Oyoque was enrolled in would be held in-person or

---

[2] Because a class has not been certified, the Court does not address many of the course descriptions included in the "Facts Common to All Causes of Action." *See* 2d Am. Compl. ¶¶ 68–71.

4

even on campus.[3] *See Oyoque*, 2021 WL 679231, at *3; *see* 2d Am. Compl. ¶¶ 14–15. Even if, as the plaintiffs suggest, DePaul provided a course schedule along with notations for assigned classroom spaces, such notations, without more, would have been "informative rather than promissory," and the plaintiffs "cannot transform such statements into a binding contract." *See Miller*, 2021 WL 1379488, at *5; *see also Gociman v. Loyola Univ. of Chicago*, No. 20 C 3116, 2021 WL 243573, at *4 (N.D. Ill. Jan. 25, 2021) (holding that parentheticals in a course catalog were not promises that courses for which students registered would be delivered on-campus).

Similarly, regarding plaintiff Enrique Chavez, the proposed complaint alleges that he was enrolled in what he believed were three in-person classes. *See* 2d Am. Compl. ¶¶ 23–26. Yet the cited language in Chavez's allegations does not include an express promise from DePaul that the classes would be conducted in person. *See id.* In fact, as described, each of the classes could have been held remotely or in person. *See id.* Chavez also claims that DePaul made a specific promise because a syllabus for a course he was enrolled in had physical classroom information. *See id.* ¶ 26. But that is another example of an informative statement rather than a promissory one and, without more, that informative statement cannot be made into a binding contract. *See Miller*, 2021 WL 1379488, at *5; *Abrams v. Illinois Coll. of Podiatric Med.*, 77 Ill. App. 3d 471, 477, 395 N.E.2d 1061, 1065 (1979) (holding that a particular provision of the institution's student handbook was not a promise because "it was not communicated to the plaintiff

---

[3] The plaintiffs' citation to the 21-year-old BIO 250 syllabus is neither germane nor persuasive.

in such a way as to invite the payment of tuition in reliance" and therefore "plaintiff did not have the power to transform [it] into a binding contractual obligation").

Plaintiff Emma Sheikh also alleges that she enrolled in four classes that DePaul promised to hold in person. *See* 2d Am. Compl. ¶¶ 32–36. But like the others, Sheikh's allegations do not include any definite promises to provide an in-person education. *See id.* The three courses that required either "fieldwork," "clinical hours," or "role-play," did not promise in-person instruction, as experiential learning is not synonymous with in-person learning. *See id.* ¶¶ 33–34. Sheikh asserts that the fourth course—T&L 583 (Field Experience Lab)—was meant to be in person because DePaul's catalog conveys that part of students' experiences would be at "school sites." *Id.* ¶ 32. But the full course description undercuts that argument. The catalog describes T&L 583 as a:

> field-based course [that] will facilitate pre-service teacher candidates' experiences working in elementary and middle school classrooms. This supervised field experience is an opportunity to apply content and pedagogical knowledge in authentic settings. *Approximately 24 clock hours are scheduled at school sites and visible during registration though subject to modification based on changes in schools' schedules*.

Doc. 31–2 at ECF p. 2272 of 2332 (emphasis added). Nothing in this course description can be interpreted as a concrete promise to provide an in-person education. In fact, every objective in this course could be achieved remotely. But even if "at school sites" was synonymous with "in person," the course description makes it crystal clear that schedules at school sites "are subject to modification." *See id.* Thus even if one assumes that "at school sites" means "in person," the "subject to modification" language makes "at school sites" an unenforceable expectation rather than a concrete promise. *See Galligan*, 2019 WL 423356, at *6.

6

In short, like the first amended complaint, the proposed second amended complaint does not include "an identifiable contractual promise that the [educational institution] failed to honor." See *Ross*, 957 F.2d 410, 417. Consequently, count 1 fails to state a claim, would not survive a motion to dismiss, and therefore its repleading would be futile. See *Garcia*, 24 F.3d at 970.

### 2. Unjust enrichment (Count 2)

In its prior opinion, the Court dismissed the plaintiff's unjust enrichment claim because, under Illinois law, when an "unjust enrichment claim is premised on a failure to fulfill contractual terms . . . dismissal of the unjust enrichment claim is appropriate." See *Oyoque*, 2021 WL 679231, at *5. Undeterred, the plaintiffs have reasserted the unjust enrichment claim in their proposed second amended complaint, after making a few minor edits—namely removing the cross-reference to their contractual claims. In their reply brief, the plaintiffs note that they can point to "ample authority" to support their now twice-proffered argument that unjust enrichment can survive a motion to dismiss where the parties disagree as to whether a contract for in-person instruction exists. See Pl. Reply Br. at 9 (citing cases). But all the plaintiffs' cited authority involves non-Illinois law, so it does not carry the day for them. See *id.*

Under Illinois law, "a plaintiff may not acknowledge throughout her complaint that there is an express contract, but then allege that if the defendant did not breach the contract, then it owes damages for unjustly enriching itself." *Miszczyszyn v. JPMorgan Chase Bank, N.A.*, No. 18 C 3633, 2019 WL 1254912, at *4 (N.D. Ill. Mar. 19, 2019) (citing *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013)). That is exactly what the plaintiffs have done—again. It follows then that their unjust enrichment claim

7

must be dismissed for failure to state a claim. See Oyoque, 2021 WL 679231, at *5. As with the breach-of-contract claim, repleading here would be futile. See Garcia, 24 F.3d at 970.

**Conclusion**[4]

For the reasons stated above, the Court denies the plaintiff's motion to file a second amended complaint [docket no. 31] and directs the Clerk to enter judgment dismissing the case with prejudice.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 7, 2021

---

[4] In light of the points discussed in this opinion, the Court need not consider the parties' additional arguments regarding DePaul's discretion to modify the format of classes; failure to allege that its decision to transition to remote learning was arbitrary, capricious, or in bad faith; course of dealing or trade usage; or the plaintiff's allegations regarding fees.