# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ALHIX OYOQUE, ENRIQUE CHAVEZ, and EMMA SHEIKH, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>DEPAUL UNIVERSITY,<br><br>   Defendant. | Case No. 1:20-cv-3431<br><br>Judge: Matthew Kennelly<br>Magistrate: M. David Weisman |

## **NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Enrique Chavez and Emma Sheikh, plaintiffs in the above-named case, hereby appeal to the United States Court of Appeals for the Seventh Circuit from the Judgment entered in the action on the May 7, 2021 (ECF No. 39) dismissing plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b).

Dated: June 7, 2021                              Respectfully submitted:

                                                 **BERGER MONTAGUE PC**

                                                 /s/ Ellen T. Noteware
                                                 Ellen T. Noteware
                                                 Shanon J. Carson
                                                 Richard D. Schwartz
                                                 1818 Market Street, Suite 3600
                                                 Philadelphia, PA 19103
                                                 Tel: (215) 875-3000
                                                 Fax: (215) 875-4604
                                                 enoteware@bm.net
                                                 scarson@bm.net
                                                 rschwartz@bm.net

                                                 E. Michelle Drake
                                                 Joseph Hashmall
                                                 **BERGER MONTAGUE PC**
                                                 Minneapolis, MN
                                                 Tel: (215) 875-3000
                                                 Fax: (215) 875-4604
                                                 emdrake@bm.net
                                                 jhashmall@bm.net

                                                 **WOLF HALDENSTEIN ADLER
                                                 FREEMAN & HERZ LLC**
                                                 Carl V. Malmstrom
                                                 111 W. Jackson Blvd., Suite 1700
                                                 Chicago, IL 60604
                                                 Telephone: (312) 984-0000
                                                 Email: malmstrom@whafh.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on June 7, 2021, she caused the foregoing NOTICE OF APPEAL to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ Ellen T. Noteware_____
Ellen T. Noteware

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALHIX OYOQUE, ENRIQUE CHAVEZ, and EMMA SHEIKH, individually and on behalf of all others similarly situated, | Case No. 1:20-cv-3431 |
| Plaintiffs, | Judge: Matthew Kennelly<br>Magistrate: M. David Weisman |
| v. | |
| DEPAUL UNIVERSITY, | |
| Defendant. | |

**CIRCUIT RULE 3(c) DOCKETING STATEMENT**

1. **District Court Jurisdiction**

On September 8, 2020, plaintiffs Enrique Chavez and Emma Sheikh filed a First Amended Complaint class action complaint (District Court ECF No. 10). Plaintiffs Enrique Chavez and Emma Sheikh are natural persons and citizens of the State of Illinois. Defendant DePaul University is an Illinois not-for-profit corporation. The District Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one Class member is of diverse citizenship from the Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, and costs.

2. **Appellate Court Jurisdiction**

28 U.S.C. § 1291 and 28 U.S.C. § 1294 confer jurisdiction over this appeal on the United States Court of Appeals for the Seventh Circuit. Judgment was entered by the District Court on

May 7, 2021 (District Court ECF No. 39). Plaintiffs' Notice of Appeal was timely filed with

the District Court on June 7, 2021. This is a civil appeal as a matter of right pursuant to Federal

Rule of Appellate Procedure 3(a) and Circuit Rule 3(a).

**3. Prior or Related appeals.**

There are no prior or related appeals.

Dated: June 7, 2021                                    Respectfully submitted,

                                                      **BERGER MONTAGUE PC**

                                                      /s/ Ellen T. Noteware
                                                      Ellen T. Noteware
                                                      Shanon J. Carson
                                                      Richard D. Schwartz
                                                      1818 Market Street, Suite 3600
                                                      Philadelphia, PA 19103
                                                      Tel: (215) 875-3000
                                                      Fax: (215) 875-4604
                                                      enoteware@bm.net
                                                      scarson@bm.net
                                                      rschwartz@bm.net

                                                      E. Michelle Drake
                                                      Joseph Hashmall
                                                      **BERGER MONTAGUE PC**
                                                      Minneapolis, MN
                                                      Tel: (215) 875-3000
                                                      Fax: (215) 875-4604
                                                      emdrake@bm.net
                                                      jhashmall@bm.net

                                                      **WOLF HALDENSTEIN ADLER
                                                      FREEMAN & HERZ LLC**
                                                      Carl V. Malmstrom
                                                      111 W. Jackson Blvd., Suite 1700
                                                      Chicago, IL 60604
                                                      Telephone: (312) 984-0000
                                                      Email: malmstrom@whafh.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and has been served upon each of the parties who has appeared via the Court's Electronic Case Management System on June 7, 2021.

<u>/s/ Ellen T. Noteware</u>
Ellen T. Noteware

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALHIX OYOQUE, ENRIQUE CHAVEZ, and EMMA SHEIKH, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No. 20 C 3431** |
| **vs.** | ) ) | |
| **DEPAUL UNIVERSITY,** | ) ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

On February 21, 2021, the Court dismissed the plaintiffs' amended complaint for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *See Oyoque v. DePaul Univ.*, ___ F. Supp 3d. ___, 2021 WL 679231, at *1 (N.D. Ill. 2021). The plaintiffs were given leave to amend again and now have moved to file a second amended complaint. For the reasons stated below, the Court denies that motion and directs the Clerk to enter judgment in favor of the defendant.

**Discussion**[1]

"[C]ourts in their sound discretion may deny a proposed amendment if . . . the proposed [re]pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). An amendment is futile "only if it appears to a certainty that [the] plaintiff cannot state a

---

[1] The factual background was summarized in the Court's prior opinion, and the Court assumes familiarity with those facts. *See Oyoque*, 2021 WL 679231, at *1–2.

claim." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *see also Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994) ("[F]utile repleadings include restating the same facts using different language, reasserting claims previously determined, failing to state a valid theory of liability, and the inability to survive a motion to dismiss." (citations omitted)).

A complaint must "state a claim for relief that is plausible on its face." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019) (internal quotation marks omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## A.    Breach of contract (Count 1)

In Illinois, a plaintiff claiming breach of contract must allege: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (internal quotation marks omitted). To state a claim for breach of contract in this context, the plaintiffs "must do more than simply allege that the education was not good enough." *Ross v. Creighton Univ.*, 957 F.2d 410, 416–17 (7th Cir. 1992). Instead, they "must point to an identifiable contractual promise that the [educational institution] failed to honor." *Id.* at 417; *see also Charleston v. Bd. of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 773 (7th Cir. 2013) ("[T]he

student's complaint must be specific about the source of [the] . . . contract, the exact promises the university made to the student, and the promises the student made in return.").

The plaintiffs' first amended complaint failed because "none of the facts alleged by the plaintiffs amount[ed] to a concrete contractual promise to provide in-person educational services, experiences, or opportunities." *Oyoque*, 2021 WL 679231, at *5. In its prior opinion, the Court explained to the plaintiffs what they would have to do to avoid this pitfall in any further amended complaint. Unfortunately, the plaintiffs have not hit the mark. The result is that their proposed second amended complaint is hobbled by the same defects as their first amended complaint.

For example, the Court previously conveyed that, as a matter of law, promotional materials cannot be included among the terms of the contract between universities and their students. *See id.* at *5 (citing *Galligan v. Adtalem Glob. Educ. Inc.*, No. 17 C 6310, 2019 WL 423356, at *6 (N.D. Ill. Feb. 4, 2019)). Even with that reminder, throughout the proposed amended complaint the plaintiffs repeatedly cite to promotional portions of DePaul's website to attempt to show that DePaul made a concrete promise to provide an in-person education. *See, e.g.,* 2d Am. Compl. ¶¶ 9–12, 21–22, 31, 47–48, 50–51, 54, 59–61, 65–67; Exs. 1–4, 6, 8–10, 13–31. These citations, therefore, are as unavailing as the plaintiffs' earlier citations to DePaul's marketing materials. *See Oyoque*, 2021 WL 679231, at *5; *see also Miller v. Lewis Univ.*, No. 20 C 5473, 2021 WL 1379488, at *3 (N.D. Ill. Apr. 11, 2021) (Kennelly, J). Moreover, even if these promotional materials could be considered, the statements in them are not "concrete promises that could comprise part of a contract between student and university." *See*

3

*Galligan*, 2019 WL 423356, at *6.  Instead, the statements are unenforceable expectations.  *See Oyoque*, 2021 WL 679231, at *5.

Similarly, the Court explained that although a university's "catalogues, bulletins, circulars, and regulations . . . made available to the matriculant may become a part of the contract," only those documents' "specific promises become part of the contract, not [their] expressions of intention, hope or desire."  *See id.* at *3–4 (alterations accepted) (internal quotation marks omitted).  Yet many of the plaintiffs' new citations to language in "the University Catalog and other publications" share the same problem as their citations in the prior amended complaint.  *See* 2d Am. Compl. ¶ 46.  Even if viewed in the light most favorable to the plaintiffs, the newly cited language is either aspirational, intended simply to inform students of resources and amenities available to them, or a combination of both.  *See Oyoque*, 2021 WL 679231, at *4; *see, e.g.*, 2d Am. Compl. ¶¶ 20, 31, 44–46, 49–58.  Neither of these types of statements amounts to evidence of a contractually enforceable promise to provide an in-person education.

The proposed complaint's other allegations don't fare any better.  Regarding plaintiff Alhix Oyoque,[2] the proposed amended complaint alleges that she was promised that her three Spring 2020 classes would be held in person, on DePaul's campus.  *See id.* ¶¶ 13–15.  This promise was purportedly made in DePaul's academic catalog.  *See id.*  This too is variation on a previous allegation that the Court found insufficient, and it likewise has not been improved upon.  The cited language from the catalog does not contain any promise that the classes Oyoque was enrolled in would be held in-person or

---

[2] Because a class has not been certified, the Court does not address many of the course descriptions included in the "Facts Common to All Causes of Action."  *See* 2d Am. Compl. ¶¶ 68–71.

4

even on campus.[3]  *See Oyoque*, 2021 WL 679231, at \*3; *see* 2d Am. Compl. ¶¶ 14–15.

Even if, as the plaintiffs suggest, DePaul provided a course schedule along with

notations for assigned classroom spaces, such notations, without more, would have

been "informative rather than promissory," and the plaintiffs "cannot transform such

statements into a binding contract."  *See Miller*, 2021 WL 1379488, at \*5; *see also*

*Gociman v. Loyola Univ. of Chicago*, No. 20 C 3116, 2021 WL 243573, at \*4 (N.D. Ill.

Jan. 25, 2021) (holding that parentheticals in a course catalog were not promises that

courses for which students registered would be delivered on-campus).

Similarly, regarding plaintiff Enrique Chavez, the proposed complaint alleges that

he was enrolled in what he believed were three in-person classes.  *See* 2d Am. Compl.

¶¶ 23–26.  Yet the cited language in Chavez's allegations does not include an express

promise from DePaul that the classes would be conducted in person.  *See id.*  In fact,

as described, each of the classes could have been held remotely or in person.  *See id.*

Chavez also claims that DePaul made a specific promise because a syllabus for a

course he was enrolled in had physical classroom information.  *See id.* ¶ 26.  But that is

another example of an informative statement rather than a promissory one and, without

more, that informative statement cannot be made into a binding contract.  *See Miller*,

2021 WL 1379488, at \*5; *Abrams v. Illinois Coll. of Podiatric Med.*, 77 Ill. App. 3d 471,

477, 395 N.E.2d 1061, 1065 (1979) (holding that a particular provision of the institution's

student handbook was not a promise because "it was not communicated to the plaintiff

---

[3] The plaintiffs' citation to the 21-year-old BIO 250 syllabus is neither germane nor persuasive.

in such a way as to invite the payment of tuition in reliance" and therefore "plaintiff did not have the power to transform [it] into a binding contractual obligation").

Plaintiff Emma Sheikh also alleges that she enrolled in four classes that DePaul promised to hold in person. *See* 2d Am. Compl. ¶¶ 32–36. But like the others, Sheikh's allegations do not include any definite promises to provide an in-person education. *See id.* The three courses that required either "fieldwork," "clinical hours," or "role-play," did not promise in-person instruction, as experiential learning is not synonymous with in-person learning. *See id.* ¶¶ 33–34. Sheikh asserts that the fourth course—T&L 583 (Field Experience Lab)—was meant to be in person because DePaul's catalog conveys that part of students' experiences would be at "school sites." *Id.* ¶ 32. But the full course description undercuts that argument. The catalog describes T&L 583 as a:

> field-based course [that] will facilitate pre-service teacher candidates' experiences working in elementary and middle school classrooms. This supervised field experience is an opportunity to apply content and pedagogical knowledge in authentic settings. *Approximately 24 clock hours are scheduled at school sites and visible during registration though subject to modification based on changes in schools' schedules.*

Doc. 31–2 at ECF p. 2272 of 2332 (emphasis added). Nothing in this course description can be interpreted as a concrete promise to provide an in-person education. In fact, every objective in this course could be achieved remotely. But even if "at school sites" was synonymous with "in person," the course description makes it crystal clear that schedules at school sites "are subject to modification." *See id.* Thus even if one assumes that "at school sites" means "in person," the "subject to modification" language makes "at school sites" an unenforceable expectation rather than a concrete promise. *See Galligan*, 2019 WL 423356, at *6.

6

In short, like the first amended complaint, the proposed second amended complaint does not include "an identifiable contractual promise that the [educational institution] failed to honor." *See Ross*, 957 F.2d 410, 417. Consequently, count 1 fails to state a claim, would not survive a motion to dismiss, and therefore its repleading would be futile. *See Garcia*, 24 F.3d at 970.

### 2. Unjust enrichment (Count 2)

In its prior opinion, the Court dismissed the plaintiff's unjust enrichment claim because, under Illinois law, when an "unjust enrichment claim is premised on a failure to fulfill contractual terms . . . dismissal of the unjust enrichment claim is appropriate." *See Oyoque*, 2021 WL 679231, at *5. Undeterred, the plaintiffs have reasserted the unjust enrichment claim in their proposed second amended complaint, after making a few minor edits—namely removing the cross-reference to their contractual claims. In their reply brief, the plaintiffs note that they can point to "ample authority" to support their now twice-proffered argument that unjust enrichment can survive a motion to dismiss where the parties disagree as to whether a contract for in-person instruction exists. *See* Pl. Reply Br. at 9 (citing cases). But all the plaintiffs' cited authority involves non-Illinois law, so it does not carry the day for them. *See id.*

Under Illinois law, "a plaintiff may not acknowledge throughout her complaint that there is an express contract, but then allege that if the defendant did not breach the contract, then it owes damages for unjustly enriching itself." *Miszczyszyn v. JPMorgan Chase Bank, N.A.*, No. 18 C 3633, 2019 WL 1254912, at *4 (N.D. Ill. Mar. 19, 2019) (citing *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013)). That is exactly what the plaintiffs have done—again. It follows then that their unjust enrichment claim

must be dismissed for failure to state a claim. *See Oyoque*, 2021 WL 679231, at *5. As with the breach-of-contract claim, repleading here would be futile. *See Garcia*, 24 F.3d at 970.

## Conclusion[4]

For the reasons stated above, the Court denies the plaintiff's motion to file a second amended complaint [docket no. 31] and directs the Clerk to enter judgment dismissing the case with prejudice.



MATTHEW F. KENNELLY
United States District Judge

Date: May 7, 2021

---

[4] In light of the points discussed in this opinion, the Court need not consider the parties' additional arguments regarding DePaul's discretion to modify the format of classes; failure to allege that its decision to transition to remote learning was arbitrary, capricious, or in bad faith; course of dealing or trade usage; or the plaintiff's allegations regarding fees.

ILND 450 (Rev. 04/25/2016) Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Plaintiff(s),

v.

Defendant(s).

Case No.
Judge

## <u>JUDGMENT IN A CIVIL CASE</u>

Judgment is hereby entered (check appropriate box):

        in favor of plaintiff(s)
        and against defendant(s)
        in the amount of $

               which ☐ includes      pre–judgment interest.
                     does not include pre–judgment interest.

    Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

    Plaintiff(s) shall recover costs from defendant(s).

---

        in favor of defendant(s)
        and against plaintiff(s)

    Defendant(s) shall recover costs from plaintiff(s).

---

        other:

---

This action was *(check one)*:

    tried by a jury with Judge                  presiding, and the jury has rendered a verdict.
    tried by Judge                 without a jury and the above decision was reached.
    decided by Judge          on a motion

Date:                    Thomas G. Bruton, Clerk of Court

                                       , Deputy Clerk

APPEAL,TERMED,WEISMAN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:20-cv-03431
## Internal Use Only

Oyoque v. DePaul University et al
Assigned to: Honorable Matthew F. Kennelly
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 06/11/2020
Date Terminated: 05/07/2021
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Alhix Oyoque**        represented by   **Lawrence Timothy Fisher**
Bursor & Fisher, P.a.
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
(925) 300-4455
Email: ltfisher@bursor.com
*ATTORNEY TO BE NOTICED*

**Neal J. Deckant**
Bursor & Fisher, P.a.
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
(925) 300-4455
Email: ndeckant@bursor.com
*ATTORNEY TO BE NOTICED*

**Carl V. Malmstrom**
Wolf Haldenstein Adler Freeman & Herz
LLC
111 W. Jackson St.
Suite 1700
Chicago, IL 60604
(312) 984-0000
Email: malmstrom@whafh.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Enrique Chavez**        represented by   **Eleanor Michelle Drake**
Berger Montague PC
1229 Tyler Street NE
Suite 205
Minneapolis, MN 55413
(612) 594-5999
Email: emdrake@bm.net

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ellen Noteware**
BERGER MONTAGUE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
Email: enoteware@bm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Daniel Schwartz**
Berger Montague PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103-6365
(215) 875-5818
Email: rschwartz@bm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl V. Malmstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emma Sheikh**      represented by    **Eleanor Michelle Drake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ellen Noteware**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Daniel Schwartz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl V. Malmstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| DePaul University | represented by | **Daniel Michael Blouin**<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601-9703<br>(312) 558-5600<br>Email: dblouin@winston.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Jaime Renee Simon**<br>Winston & Strawn Llp<br>35 West Wacker Drive<br>Chicago, IL 60601<br>(312) 558-6215<br>Email: jrsimon@winston.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Board of Trustees of DePaul University**
*TERMINATED: 09/08/2020*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/11/2020 | 1 | COMPLAINT *(Class Action)* filed by Alhix Oyoque; Jury Demand. Filing fee $ 400, receipt number 0752-17101825. (Attachments: # 1 Civil Cover Sheet) (Malmstrom, Carl) (Entered: 06/11/2020) |
| 06/12/2020 | | CASE ASSIGNED to the Honorable Matthew F. Kennelly. Designated as Magistrate Judge the Honorable M. David Weisman. Case assignment: Random assignment. (Willis, Gia) (Entered: 06/12/2020) |
| 06/12/2020 | | SUMMONS Issued as to Defendants Board of Trustees of DePaul University, DePaul University. (ng, ) (Entered: 06/12/2020) |
| 07/10/2020 | 2 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk10, Docket) (Entered: 07/10/2020) |
| 08/07/2020 | 3 | MINUTE entry before the Honorable Matthew F. Kennelly: By no later than 8/25/2020, the parties (or, if no defendant has yet appeared, the plaintiff(s)) are to file a joint status report that includes the following information: (1) the status of service of process upon each defendant; (2) a description of each party's claims and defenses; (3) details regarding any discussions concerning settlement, whether before or after the filing of the lawsuit; (4) a proposed discovery and pretrial schedule; and (5) any other matters that any party wishes to bring to the Court's attention. The case is set for a case management conference under Federal Rule of Civil Procedure 16 (a "status hearing," in local parlance) on |

| | | |
|---|---|---|
| | | 9/2/2020 at 8:50 a.m. The case management conference will be conducted by telephone, using the following call-in number: 888-684-8852, access code 746-1053. Plaintiff's counsel is directed to provide a copy of this order to any defendant that has not yet appeared by counsel via regular mail at the address at which the defendant has been or is to be served with process. (mk) (Entered: 08/07/2020) |
| 08/25/2020 | 4 | STATUS Report by Alhix Oyoque (Malmstrom, Carl) (Entered: 08/25/2020) |
| 09/02/2020 | 5 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 9/2/2020. Plaintiff has leave to file an amended complaint adding the other plaintiff by 9/8/2020. Defendant's motion to dismiss the complaint is due 10/20/2020. Plaintiff's response to the motion to dismiss is due 11/20/2020; defendant's reply is due 12/11/2020. A telephonic status hearing is set for 10/26/2020 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 09/02/2020) |
| 09/02/2020 | 6 | ATTORNEY Appearance for Defendant DePaul University by Daniel Michael Blouin (Blouin, Daniel) (Entered: 09/02/2020) |
| 09/02/2020 | 7 | ATTORNEY Appearance for Defendant DePaul University by Jaime Renee Simon (Simon, Jaime) (Entered: 09/02/2020) |
| 09/02/2020 | 8 | ATTORNEY Appearance for Plaintiff Alhix Oyoque by Lawrence Timothy Fisher (Fisher, Lawrence) (Entered: 09/02/2020) |
| 09/02/2020 | 9 | ATTORNEY Appearance for Plaintiff Alhix Oyoque by Neal J. Deckant (Deckant, Neal) (Entered: 09/02/2020) |
| 09/08/2020 | 10 | *First* AMENDED complaint by Alhix Oyoque, Enrique Chavez, Emma Sheikh against DePaul University and terminating Board of Trustees of DePaul University (Malmstrom, Carl) (Entered: 09/08/2020) |
| 09/21/2020 | 11 | ATTORNEY Appearance for Plaintiffs Enrique Chavez, Emma Sheikh by Richard Daniel Schwartz (Schwartz, Richard) (Entered: 09/21/2020) |
| 09/21/2020 | 12 | ATTORNEY Appearance for Plaintiffs Enrique Chavez, Emma Sheikh by Ellen Noteware (Noteware, Ellen) (Entered: 09/21/2020) |
| 09/21/2020 | 13 | ATTORNEY Appearance for Plaintiffs Enrique Chavez, Emma Sheikh by Eleanor Michelle Drake (Drake, Eleanor) (Entered: 09/21/2020) |
| 10/18/2020 | 14 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, the A telephonic status hearing set for 10/26/2020 is vacated and reset to 10/27/2020 at 9:00 a.m. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves. (mk) (Entered: 10/18/2020) |
| 10/18/2020 | 15 | MINUTE entry before the Honorable Matthew F. Kennelly: Status hearing set for 10/26/2020 is vacated. (mk) (Entered: 10/18/2020) |
| 10/20/2020 | 16 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant DePaul University (Blouin, Daniel) (Entered: 10/20/2020) |

| 10/20/2020 | 17 | MEMORANDUM by DePaul University in support of Motion to Dismiss for Failure to State a Claim 16 (Attachments: # 1 Declaration of Jaime R. Simon, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Blouin, Daniel) (Entered: 10/20/2020) |
|---|---|---|
| 10/27/2020 | 18 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 10/27/2020. A telephonic status hearing is set for 12/17/2020 at 9:20 a.m., to discuss whether oral argument is needed in regards to the motion to dismiss. The following call-in number will be used for the hearing: 888-684-8852 conference code 746-1053. Mailed notice. (mma, ) (Entered: 10/27/2020) |
| 11/20/2020 | 19 | MEMORANDUM by Enrique Chavez, Alhix Oyoque, Emma Sheikh in Opposition to Motion to Dismiss for Failure to State a Claim 16 (Schwartz, Richard) (Entered: 11/20/2020) |
| 12/01/2020 | 20 | NOTICE by All Plaintiffs re memorandum in opposition to motion 19 : *Plaintiffs' Notice of Supplemental Authority* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Noteware, Ellen) (Entered: 12/01/2020) |
| 12/11/2020 | 21 | REPLY by DePaul University to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant DePaul University 16 (Attachments: # 1 Exhibit 1-5)(Blouin, Daniel) (Entered: 12/11/2020) |
| 12/17/2020 | 22 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 12/17/2020. Oral argument on the motion to dismiss is set for 1/15/2021 at 10:00 a.m. Each side will have fifteen minutes and the hearing will be conducted by video. The Court will send out the video conference invitation in advance of the hearing. By no later than 1/8/2021, the parties are to provide to Judge Kennelly's courtroom deputy clerk the email addresses for the individuals who will be participating in the hearing. Both sides have leave to file supplemental authority by 1/5/2021. Mailed notice. (mma, ) (Entered: 12/17/2020) |
| 01/05/2021 | 23 | Notice of Supplemental Authority by DePaul University *in Support of its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint* (Attachments: # 1 Exhibit A)(Blouin, Daniel) (Entered: 01/05/2021) |
| 01/05/2021 | 24 | NOTICE by All Plaintiffs *of Supplemental Authority in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Schwartz, Richard) (Entered: 01/05/2021) |
| 01/14/2021 | 25 | MINUTE entry before the Honorable Matthew F. Kennelly: Video motion hearing scheduled for January 15, 2021 at 10:00 a.m. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (650) 479-3207 and the call-in ID is 1806011881##. Counsel of record will receive an email invitation prior to the start of the video hearing with instructions to join the video conference. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, ) (Entered: 01/14/2021) |

| 01/15/2021 | 26 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion hearing held by video on 1/15/2021. Defendant's motion to dismiss 16 is taken under advisement. The Court will set a further status hearing at a later date. Mailed notice. (mma, ) (Entered: 01/15/2021) |
| 01/26/2021 | 27 | MOTION by Defendant DePaul University for leave to file *Supplemental Authority* (Attachments: # 1 Exhibit A)(Blouin, Daniel) (Entered: 01/26/2021) |
| 01/27/2021 | 28 | MINUTE entry before the Honorable Matthew F. Kennelly: Motion for cite supplemental authority 27 is granted. (mk) (Entered: 01/27/2021) |
| 01/28/2021 | 29 | TRANSCRIPT OF PROCEEDINGS held on January 15, 2021 before the Honorable Matthew F. Kennelly. Court Reporter Contact Information: Carolyn Cox, Carolyn_Cox@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 2/18/2021. Redacted Transcript Deadline set for 3/1/2021. Release of Transcript Restriction set for 4/28/2021. (Cox, Carolyn) (Entered: 01/28/2021) |
| 02/21/2021 | 30 | MEMORANDUM OPINION AND ORDER signed by the Honorable Matthew F. Kennelly on 2/21/2021: For the reasons stated in the accompanying Memorandum Opinion and Order, the Court grants defendant's motion to dismiss [docket no. 17]. Unless the plaintiffs submit by March 12, 2021 a proposed complaint stating a viable claim over which this Court has jurisdiction, the Court will enter judgment in favor of the defendant. The case is set for a telephone status hearing on March 24, 2021 at 9:05 a.m. to set any necessary schedules for further proceedings, using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves. (mk) (Entered: 02/21/2021) |
| 03/12/2021 | 31 | MOTION by Plaintiffs Enrique Chavez, Alhix Oyoque, Emma Sheikh to amend/correct *complaint to file Second Amended Class Action Complaint* (Attachments: # 1 Exhibit A (Proposed Amended Complaint - Part 1 of 3)), # 2 Exhibit A (Part 2 of 3), # 3 Exhibit A (Part 3 of 3))(Schwartz, Richard) (Entered: 03/12/2021) |
| 03/13/2021 | 32 | MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff is directed to file by 3/18/2021 a supplement to its motion for leave to file a second amended complaint including a summary, not to exceed 5 pages, of the material differences between the proposed second amended complaint and the previous version of plaintiff's complaint, and a redline comparison of the proposed second amended complaint and the previous version. (mk) (Entered: 03/13/2021) |
| 03/18/2021 | 33 | MEMORANDUM by Enrique Chavez, Alhix Oyoque, Emma Sheikh in support of motion to amend/correct, 31 *complaint to file Second Amended Class Action Complaint* (Attachments: # 1 Exhibit (redline comparison of complaints)) (Schwartz, Richard) (Entered: 03/18/2021) |

Case: 1:20-cv-03431 Document #: 43 Filed: 06/08/21 Page 22 of 22 PageID #:3103

| 03/24/2021 | 34 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic status hearing held on 3/24/2021. Defendant has until 4/7/2021 to file an objection to the plaintiff's motion to amend 31 ; plaintiff's reply is due 4/21/2021. Both the defendant's objection and the plaintiff's reply are limited to 10 pages each. A telephonic status and ruling on the motion hearings are set for 5/3/2021 at 9:15 a.m. The following call in number will be used for the hearing: 888-684-8852, access code 746-1053. Mailed notice. (mma, ) (Entered: 03/24/2021) |
| --- | --- | --- |
| 04/07/2021 | 35 | RESPONSE by DePaul Universityin Opposition to MOTION by Plaintiffs Enrique Chavez, Alhix Oyoque, Emma Sheikh to amend/correct *complaint to file Second Amended Class Action Complaint* 31 (Attachments: # 1 Exhibit A)(Blouin, Daniel) (Entered: 04/07/2021) |
| 04/21/2021 | 36 | REPLY by Enrique Chavez, Alhix Oyoque, Emma Sheikh to response in opposition to motion, 35 , MOTION by Plaintiffs Enrique Chavez, Alhix Oyoque, Emma Sheikh to amend/correct *complaint to file Second Amended Class Action Complaint* 31 (Schwartz, Richard) (Entered: 04/21/2021) |
| 05/03/2021 | 37 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic ruling on a motion hearing held on 5/3/2021. The Court will issue a written ruling on the plaintiffs' motion to amend/correct the complaint 31 . Mailed notice. (mma, ) (Entered: 05/03/2021) |
| 05/07/2021 | 38 | MEMORANDUM Opinion and Order: The Court denies the plaintiff's motion to file a second amended complaint 31 and directs the Clerk to enter judgment dismissing the case with prejudice. Civil case terminated. Signed by the Honorable Matthew F. Kennelly on 5/7/2021. Mailed notice. (mma, ) (Entered: 05/07/2021) |
| 05/07/2021 | 39 | ENTERED JUDGMENT. Mailed notice. (mma, ) (Entered: 05/07/2021) |
| 06/07/2021 | 40 | NOTICE of appeal by Enrique Chavez, Emma Sheikh regarding orders 38 Filing fee $ 505, receipt number 0752-18323948. Receipt number: n (Noteware, Ellen) (Entered: 06/07/2021) |
| 06/07/2021 | 41 | DOCKETING Statement by Enrique Chavez, Emma Sheikh regarding notice of appeal 40 (Noteware, Ellen) (Entered: 06/07/2021) |
| 06/08/2021 | 42 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 40 (bg, ) (Entered: 06/08/2021) |